**IT IS ORDERED as set forth below:**

**Date: September 9, 2019**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | CASE NUMBERS: |
| DANIEL PEVERILL, | : | **18-63378-LRC** |
| Debtor. | : | CHAPTER 7 |
| _____ | : | |
| KIMBERLY PEVERILL, | : | |
| | : | ADVERSARY PROCEEDING NO: |
| Plaintiff, | : | |
| | : | **18-5303-LRC** |
| v. | : | |
| DANIEL PEVERILL, | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Before the Court is the *Motion for Default Judgment* (the "Motion") filed by

1

Kimberly Peverill (the "Plaintiff") on April 3, 2019. (Doc. 9). This matter is a core bankruptcy matter over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(I); § 1334.

On November 27, 2017, Daniel Peverill (the "Defendant") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. (Bankr. Case No. 18-63378-LRC, Doc. 1). On November 16, 2018, Plaintiff filed her complaint against Defendant seeking a determination that certain debts owed to her by Defendant are nondischargeable, pursuant to §§ 523(a)(5) and (15). (Doc. 1, the "Complaint"). On November 20, 2018, Plaintiff served a copy of the summons and Complaint on Defendant by U.S. Postal certified mail and on the attorney representing Defendant in his related bankruptcy case by U.S. Postal, first class mail.[1] (Doc. 4). Defendant has not responded. Following Plaintiff's request for entry of default (Doc. 5, amended by Doc. 7), the Clerk entered default on February 20, 2019. (Doc. 8).

On April 3, 2019, Plaintiff filed the Motion seeking a judgment that certain debts arising from a settlement agreement entered in Superior Court of Gwinnett County (the "Settlement Agreement") are excepted from discharge under § 523(a)(5) as debt "for a domestic support obligation" and pursuant to § 523(a)(15) as a debt "to a spouse, former spouse, or child of the debtor . . . that is incurred by the debtor in the course of a divorce decree . . . ." (Doc. 9). On December 5, 2018, Plaintiff's counsel served the Motion on

---

[1] When neither Defendant nor anyone appearing on Defendant's behalf answered the Complaint, the Court directed Defendant's bankruptcy counsel to appear at a status conference (the "Status Conference"). (Doc. 11). On April 19, 2019, Defendant's bankruptcy counsel filed a Certificate of Consent to Withdraw as Attorney of Record pursuant to BLR 9010-5(C). (Doc. 13). On May 3, 2019, the Court entered an order permitting Defendant's counsel to withdraw as the attorney of record and cancelling the Status Conference. (Doc. 14).

2

Defendant and Defendant's counsel. (Doc. 10). Defendant has failed to respond to the Motion, and, therefore, the Motion is deemed unopposed pursuant to BLR 7007-1(C).

Having reviewed the Complaint under the applicable standard, the Court finds that default judgment is warranted. *See* Fed. R. Bankr. P. 7055; *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *Nishimatsu Constr. Co v. Houston Nat'l Bank*, 515 F.2d 122, 1206 (5th Cir. 1975) (holding that entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment"). According to the Complaint, Plaintiff and Defendant are former spouses who entered into the Settlement Agreement prior to Defendant's filing for bankruptcy. Under the Settlement Agreement, Defendant was obligated to pay Plaintiff one-half of certain educational expenses for the parties' child ($15,500 plus interest and fees); one-half of the balance of a Wells Fargo Credit Card ($4,750); and the entire balance of a Wells Fargo Personal Loan ($27,196) (collectively, the "Debts"). Further, the Settlement Agreement required Defendant to indemnify and hold Plaintiff harmless if she paid any debt he was required to pay, and Plaintiff has paid the entire balance of the Wells Fargo credit card debt and the Wells Fargo personal loan.

Having considered the Complaint, the Court concludes that Plaintiff's factual allegations, which are deemed admitted by Defendant's failure to respond, have established that the Debts are nondischargeable under either § 523(a)(5) as a "domestic support obligation" or § 523(a)(15) as a debt "to a spouse, former spouse, or child of the debtor . . . that is incurred by the debtor in the course of a divorce decree," and that Plaintiff is entitled to judgment as a matter of law.

3

Accordingly, for the reasons herein stated, it is **ORDERED** that Plaintiff's default judgment motion is **GRANTED;**

**IT IS ORDERED** that the Debts are NONDISCHARGEABLE under §§ 523(a)(5) and (a)(15);

IT IS FURTHER ORDERED that judgment in favor of Plaintiff shall be entered concurrently herewith.

## [END OF DOCUMENT]

**DISTRIBUTION LIST**

**Daniel Jay Peverill**
35 Longview Drive
Oxford, GA 30054

**Will B. Geer**
Wiggam & Geer, LLC
Suite 1245
50 Hurt Plaza SE
Atlanta, GA 30303